IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| THE MEDICAL PROTECTIVE COMPANY | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 6:20-cv-996 |
| | § | |
| SHAWN L. PARCELLS, NATIONAL | § | |
| AUTOPSY AND TISSUE RECOVERY | § | |
| SERVICES, INC. d/b/a NATIONAL | § | |
| FORENSIC AUTOPSY AND TOXICOLOGY | § | |
| SERVICES, L.L.C. d/b/a NATIONAL | § | |
| AUTOPSY SERVICES, L.L.C., CENTRAL | § | |
| TEXAS MORTUARY MANAGEMENT, | § | |
| L.L.C., IDANELL SCHUESSLER, ERIC | § | |
| SCHUESSLER AND MEGAN YOUNG | § | |
| | § | |
| Defendants | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW, Plaintiff The Medical Protective Company ("MedPro"), and files this Original Complaint seeking a declaratory judgment regarding the rights and other legal relations between MedPro and Defendants Shawn L. Parcells ("Mr. Parcells"), National Autopsy and Tissue Recovery Services, Inc. d/b/a National Forensic Autopsy and Toxicology Services, L.L.C. d/b/a National Autopsy Services, L.L.C. ("National Autopsy"), Central Texas Mortuary Management, L.L.C. ("the underlying co-defendant") and Idanell Schessler, Eric Schuessler and Megan Young (collectively, "the underlying plaintiffs"), and respectfully shows the Court as follows.

## I.  BRIEF SUMMARY OF THE CASE

1.     This is an insurance coverage dispute.

2.     Mr. Parcells claims to be, among other things, a "pathologists' assistant." Individually and/or through business entities such as National Autopsy, Mr. Parcells offers private autopsy services.

3.     MedPro issued Multi-Specialty Healthcare Professional Master Policy No. F25168 ("the Policy") to Mr. Parcells.  The Policy was effective from November 18, 2018 to November 18, 2019.  A true and correct copy of the Policy is attached as Exhibit A.

4.     National Autopsy is not insured under the Policy.

5.     Mr. Parcells and National Autopsy have been sued in a lawsuit styled *Idanell Schuessler, Eric Schuessler and Megan Young v. Shawn Parcells, National Autopsy and Tissue Recovery Services, Inc. d/b/a National Forensic Autopsy and Toxicology Services, L.L.C. d/b/a National Autopsy Services, L.L.C. and Central Texas Mortuary Management, L.L.C.*, currently pending as Cause No. 309,673-B in the 146th Judicial District Court of Bell County, Texas ("the underlying lawsuit").  MedPro is providing Mr. Parcells, but not National Autopsy, with a defense in the underlying lawsuit pursuant to a reservation of rights.

6.     In the underlying lawsuit, Mr. Parcells and others are alleged to have committed various torts, breaches of contract, statutory violations and criminal conduct.

7.     There is no coverage under the Policy for the allegations against Mr. Parcells in the underlying lawsuit.

8.     There is no coverage under the Policy for the allegations against National Autopsy in the underlying lawsuit.

9.      MedPro respectfully requests that this Court enter a declaratory judgment that MedPro has (1) no duty to defend Mr. Parcells or National Autopsy (or anyone else) in the underlying lawsuit and (2) no duty to indemnify Mr. Parcells or National Autopsy (or anyone else) for any settlement or judgment relating to the underlying lawsuit.  The underlying plaintiffs and the underlying co-defendant are proper parties (and are, in fact, indispensable parties) to this declaratory judgment action because they seek monetary damages and/or other relief against Mr. Parcells in the underlying lawsuit.

## II. PARTIES

10.      MedPro issued the Policy.

11.      MedPro is incorporated in Indiana and has its principal place of business in Indiana.  Therefore, it is a citizen and resident of Indiana.

12.      Mr. Parcells is the named insured in the Policy.

13.      Mr. Parcells is a defendant in the underlying lawsuit.

14.      Mr. Parcells is, based on information and belief, a citizen and resident of Kansas. He can be served with process at 12749 Delmar Drive, Leawood, Kansas 66209.

15.      National Autopsy is not insured under the Policy.

16.      National Autopsy is a defendant in the underlying lawsuit.

17.      National Autopsy, to the extent that it exists as an ongoing business entity, is, based on information and belief, a citizen and resident of Kansas.  It can be served with process through its president and/or agent for service of process:  Shawn L. Parcells, 12749 Delmar Drive, Leawood, Kansas 66209.

18.      Central Texas Mortuary Management, L.L.C. is a defendant in the underlying lawsuit that has filed and served a cross-claim against Mr. Parcells and National Autopsy.  This

entity is, based on information and belief, a citizen and resident of Texas.  It can be served with process through its registered agent for service of process:  Micheal Gaskins, 11 North 6th Street, Temple, Texas 76501.

19.     Idanell Schuessler is a plaintiff in the underlying lawsuit.  Ms. Schuessler is, based on information and belief, a citizen and resident of Texas.  She can be served with process at 5900 County Road 409, Valley Spring, Texas 78643.

20.     Eric Schuessler is a plaintiff in the underlying lawsuit.  Mr. Schuessler is, based on information and belief, a citizen and resident of Texas.  He can be served with process at 624 County Road 313, Llano, Texas 78643.

21.     Megan Young is a plaintiff in the underlying lawsuit.  Ms. Young is, based on information and belief, a citizen and resident of Texas.  She can be served with process at 5715 109th Street, Lubbock, Texas 79424.

### III.  JURISDICTION AND VENUE

22.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). There is complete diversity of citizenship among the parties to this lawsuit, which is a civil action between citizens of different states in which the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs.  This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 2201.

23.     This Court has personal jurisdiction over the underlying co-defendant and the underlying plaintiffs because, on information and belief, they are citizens and residents of Texas.

24.     This Court has personal jurisdiction over Mr. Parcells and National Autopsy pursuant to Texas Civil Practice and Remedies Code § 17.042(1) because these defendants allegedly contracted with a Texas resident and one or both parties were to perform the contract in

whole or in part in Texas.  Further, this Court has personal jurisdiction over Mr. Parcells and National Autopsy pursuant to Texas Civil Practice and Remedies Code § 17.042(2) because these defendants have allegedly committed a tort in Texas.

26.     With respect to all Defendants, the exercise of jurisdiction in Texas satisfies, and is consistent with, constitutional due process guarantees.  Defendants have sufficient minimum contacts with Texas and the exercise of jurisdiction in Texas comports with, and does not offend, traditional notions of fair play and substantial justice.  Texas courts may exercise both general jurisdiction and specific jurisdiction based on Defendants' contacts, contracts, activities and affiliations with and within this state.

26.     Venue is proper in the Western District of Texas, Waco Division pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to MedPro's claim occurred in this judicial district.  For example, the underlying lawsuit is pending in state district court in Bell County, Texas, which is located in this judicial district and division.

### IV.  MEDPRO'S ENTITLEMENT TO DECLARATORY RELIEF

27.     On August 6, 2020, counsel for the underlying plaintiffs sent MedPro a demand letter.  A true and correct copy of this demand letter is attached as Exhibit B.  In this letter, counsel demanded that MedPro pay $1,000,000.00 to settle the underlying plaintiffs' claims against Mr. Parcells and National Autopsy.

28.     In his demand letter, counsel for the underlying plaintiffs also stated as follows: "If [MedPro] refuses to pay [$1,000,000.00], my clients will file suit and it will expose your insured in this case to a judgment and verdict that will be well in excess of the policy limits. Such a result would be an economic catastrophe for your insured."  Exhibit B, p. 2.

29.     In truth, the underlying plaintiffs had already filed the underlying lawsuit against Mr. Parcells and National Autopsy in May of 2019 -- more than a year before counsel for the underlying plaintiffs wrote his demand letter.

30.     On August 6, 2020, the date of the demand letter, the underlying plaintiffs' trial pleading in the underlying lawsuit was their second amended petition.  A true and correct copy of this pleading is attached as Exhibit C.

31.     On September 3, 2020, MedPro's counsel responded to the demand letter and explained some (but certainly not all) of the reasons why the Policy does not provide coverage for Mr. Parcells' or National Autopsy's alleged conduct set out in the demand letter or in the second amended petition.  A true and correct copy of this response is attached as Exhibit D.

32.     On a date yet to be determined, counsel for the underlying plaintiffs began communicating with Mr. Parcells' personal attorney.

33.     On September 9, 2020 -- after almost a year and a half of litigation, and less than a week after receiving MedPro's response to his demand letter -- counsel for the underlying plaintiffs filed a third amended petition against Mr. Parcells and National Autopsy.  A true and correct copy of this pleading, which is now the underlying plaintiffs' current trial pleading in the underlying lawsuit, is attached as Exhibit E.

34.     The underlying plaintiffs' second amended petition repeatedly alleges that Mr. Parcells performed an autopsy on Paul Schuessler.

35.     The underlying plaintiffs' second amended petition also repeatedly alleges that Mr. Parcells was neither licensed nor qualified to perform autopsies.

36.     The underlying plaintiffs' third amended petition removes all references to an autopsy.

37.     The underlying plaintiffs' third amended petition also removes all references to the fact that Mr. Parcells was neither licensed nor qualified to perform autopsies.

38.     Despite the new and different factual allegations in the underlying plaintiffs' third amended petition, the Policy does not provide coverage for Mr. Parcells' alleged conduct.

39.     Despite the new and different factual allegations in the underlying plaintiffs' third amended petition, the Policy does not provide coverage for National Autopsy's alleged conduct.

40.     The Policy does not provide coverage for the underlying plaintiffs' alleged damages set out in the third amended petition.

41.     The underlying co-defendant filed a cross-claim for contribution against Mr. Parcells and National Autopsy.  A true and correct copy of this pleading, which is the underlying co-defendant's current trial pleading in the underlying lawsuit, is attached as Exhibit F.  The Policy does not provide coverage for Mr. Parcells' or National Autopsy's alleged conduct set out in the cross-claim.

42.     The Policy also does not provide coverage for the alleged damages set out in the cross-claim.

43.     MedPro has no duty to defend Mr. Parcells (or anyone else) with respect to the underlying lawsuit.

44.     Even if MedPro had a duty to defend anyone with respect to the underlying lawsuit, MedPro would never have a duty to indemnify Mr. Parcells (or anyone else) for any settlement or judgment relating to the underlying lawsuit.

45.     The Policy's Professional Liability Coverage contains the following Insuring Agreement.

I.      **COVERAGES**

A.      Professional Liability

**We** shall pay those amounts an Insured is legally obligated to pay to compensate others for damages resulting from an **event** based upon a **wrongful act**.  The **wrongful act** must take place during your **policy period**.

* * *

IV.      **DEFENSE COSTS, CHARGES, AND EXPENSES**

A.      **We** have the right and duty to defend any Insured at **our** expense, and in addition to the Limits of Insurance stated in **your Certificate**, for any **suit** brought against any Insured for a **claim**, even if the **suit** is groundless or fraudulent.…

* * *

VI.      **WHO IS AN INSURED**

A.      The unqualified word Insured used in this Policy means:

1.      **You**…;
4.      Any individual, partnership or corporation designated in Item 1(b) of **your Certificate** as an **Additional Insured**, but only for the **Additional Insured's** vicarious liability based solely on **professional services** rendered, or which should have been rendered, by **you** or any person for whose acts or omissions **you** are legally responsible…;
6.      Any other Insured(s) identified in **your Certificate** or identified on an endorsement as listed in **your Certificate**.

46.      The Master Policy contains the following General Definitions.

A.      **Additional Insured(s)** means any person or entity stated in Item 1(b) of **your Certificate.**

* * *

G.      **Bodily injury** means bodily harm, sickness or disease, including death resulting therefrom.

H.      **Certificate** means the Certificate of Insurance page, including any Schedule of Insureds, if applicable provided to an Insured which

describes specific information about the Insured, including but not limited to its **policy period**, coverages selected, specialty(ies), classification(s), limits of liability, policy number, and premium amounts.

I.     **Claim** means an express, written demand upon an Insured for money or services as compensation for civil damages.

* * *

K.     **Company** means the insurance company listed in **your Certificate**.

* * *

P.     **Event** means an accident.  All injuries arising from:

1.     the same or related acts, errors, or omissions; or,
2.     the continuous or repeated exposure to substantially the same harmful conditions,

will be considered one **event**.…

* * *

S.     **First made** means the date on which an Insured first received a **claim**.   All **claims** arising from a loss suffered by the same claimant(s) shall be considered as having been **first made** when the first such **claim** is received by an Insured.

* * *

Y.     **Named Insured** means the person or entity designated in Item 1(a) of **your Certificate**.

* * *

AA.    **Patient** means an individual who is undergoing medical **treatment** and care that is directed by a certified/licensed practitioner of the healing arts, as required by law, toward maintenance, improvement or protection of health or lessening of illness, disability or pain.

* * *

FF.    **Potential claim** means an incident which an Insured knows or reasonably should know is likely to result in a **claim**.

* * *

HH.   **Professional services** means … medical **treatment** for those specialties listed in **your Certificate** or any other services listed by endorsement, for which an Insured is licensed as required by law, trained, and qualified to perform in the Insured's capacity as a Healthcare Professional.…

II.   **Property damage** means:

1.   Physical injury to, or destruction of, tangible property; or,
2.   Loss of use of tangible property, which has not been physically injured or destroyed.

All such **property damage** shall be deemed to occur at the time of the **event** causing said **property damage**.

* * *

KK.   **Suit** means a civil proceeding in a court, and includes an arbitration proceeding.

* * *

MM.   **Treatment** means:

1.   The rendering of medical, surgical, dental, or nursing services to a **patient**;
2.   The provision of medical examinations, opinions, or consultations regarding a person's medical condition within an Insured's practice as a certified/licensed health care provider, as required by law; or
3.   The furnishing of any of the following, but only as it relates to the rendering of medical, surgical, dental, or nursing services to a **patient**:
   a.   counseling and social service;
   b.   food and beverages; or,
   c.   medical, surgical, or dental supplies, appliances, or drugs.

* * *

OO.   **We**, **us**, and **our**, refer to the **Company**.

PP. **Wrongful act** means rendering of, or failure to render, **professional services** that results in injury.

QQ. **You** and **your** means the **Named Insured(s)** stated in Item 1(a) of **your Certificate** or identified on an endorsement as listed in **your Certificate**.

47. The Master Policy contains the following General Conditions.

B. Reporting Requirements:  Duties in the Event of a **Potential Claim**, **Claim** or **Suit**

Our duty to investigate, defend and pay for any **potential claim**, **claim** or **suit** is strictly conditioned upon an Insured's compliance with the following reporting requirements:

1. If an **event** takes place, which gives rise to a **potential claim** for which coverage may be provided, the Insured shall give written notice to **us**, or **our** authorized representative, as soon as possible.  Such written notice shall contain:
   a. the identity of all Insureds implicated;
   b. all reasonably obtainable information with respect to the time, place and circumstances of the **event**;
   c. the nature, extent and circumstances of the injury and damage;
   d. the names and addresses of any injured persons;
   e. the names and addresses of available witnesses; and
   f. the factual basis for the Insured's belief that a **claim** is reasonably likely to be made, as well as the date the Insured first came to this belief.
2. The Insured must notify **us**, or **our** authorized representative, immediately, in writing, of any **claim** or **suit** against the Insured.  Such written notice shall contain:
   a. the identity of all Insureds implicated;
   b. all reasonably obtainable information with respect to the time, place and circumstances of the **event**;
   c. the nature, extent and circumstances of the injury and damage;
   d. the names and addresses of any injured persons;
   e. the names and addresses of available witnesses;
   f. the specific facts of the **claim** or **suit**, including the date **first made** or served; and,
   g. copies of all demands, notices, summons, **suit** papers or other legal documents received by any Insured.

\* \* \*

D.   Assistance and Cooperation

    1.   After any **potential claim**, **claim** or **suit**, the Insured shall not admit any liability, contract any expense, voluntarily assume any liability in any situation, nor make or contract any settlement of the **potential claim**, **claim** or **suit**, except at the Insured's own cost and responsibility, without **our** written authorization.

    2.   **Our** duty to defend and pay any **potential claim**, **claim** or **suit** is strictly conditioned upon the Insured's cooperation with **us** in the investigation, defense, and/or settlement of any matter to which this Policy applies, as requested by **us**.   Such cooperation shall include, but is not limited to:

        a.   attending and testifying at any deposition, hearing, or trial;

        b.   assistance in securing and giving evidence;

        c.   obtaining the attendance of witnesses; and

        d.   doing nothing to prejudice **our** ability to investigate, defend, and/or manage any matter to which this Policy applies;

        e.   submitting to recorded and/or sworn statements and to examinations under oath as requested by **us**;

        f.   promptly producing, at **our** request, any records, documents and other information in the Insured's possession, custody or control; and,

        g.   authorize us to obtain any records or other information.

    3.   If a **potential claim**, **claim** or **suit** is, or might be, covered under any other policy of insurance, the Insured shall promptly give notice to such other insurers.   The Insured shall also provide **us** with copies of the applicable policies.   The Insured shall further act in good faith to enforce any rights held under such policies, including the right to a defense.

\* \* \*

O.   Representations and Change Provision [see the Master Policy Kansas Amendatory Endorsement]

    3.   The representations made by **you** in **your** applications, and Attachments, are the basis for the coverage provided, as well as **our** calculation of the applicable premium.   As a result, **you** agree to inform **us** of any material change in practice.   Such material changes shall include, but are not limited to…:

        c.   any addition, deletion, or change in status (including the number of working hours, if applicable) involving a person or entity listed on **your Certificate**;

    d.  the revocation, suspension, or restriction of the professional license/certification, hospital privileges, DEA license or other legal right to practice the Insured's profession, of any Insured or employed health care provider;

    e.  a criminal indictment, charge or conviction of any Insured or employed health care provider … not included on **your** most recent application.

    4.  In the event **we** are made aware of a material change in **your** practice, **we** reserve the right to recalculate the applicable premium, exclude the new practice characteristics from **your** coverage, and/or deny any coverage provided for a **claim** arising from, or in connection with, the material change.

48.    The Master Policy contains the following General Exclusions.

### *I.  EXCLUSIONS*

This Policy shall not apply to any **claim** or **suit** based upon an **event**:

A.    Arising out of an Insured's dishonest, fraudulent, criminal or malicious act, error or omission.

B.    Arising out of an Insured's ownership … [of] other business enterprise not named as an Insured in **your Certificate**.

\* \* \*

G.    Arising out of any act an Insured reasonably expected or intended to cause injury or damage, regardless of whether the Insured expected or intended the specific injury or damage resulting from the Insured's act.…

\* \* \*

M.    Arising out of any business relationship outside of an Insured's provision of **professional services** to any past or present **patient** or client.

N.    Arising out of liability assumed under any contract or agreement. However, this exclusion does not apply to liability:

    1.  An Insured would have in the absence of the contract or agreement.…

O.    Arising out of any **wrongful act** for any **professional services** for which an Insured did not have authorization to provide such services due to suspension, revocation, surrender, restriction of, or failure to obtain the proper professional license, certification or authorization required by law in the state or locality at the time of providing **professional services**.

\* \* \*

Q.    Arising out of any Insured's **wrongful act** in violation of applicable law regulating or governing the Insured's **professional services**.

\* \* \*

U.    Arising out of an Insured's performance of any **professional services**, business, or profession other than those listed in **your Certificate** or by endorsement.

\* \* \*

EE.   Arising out of an Insured's actual or alleged … inappropriate physical contact … by an Insured.

49.    The Policy's Commercial General Liability Coverage contains the following Insuring Agreement.

I.    *INSURING AGREEMENT – COVERAGE A: BODILY INJURY AND PROPERTY DAMAGE LIABILITY*

A.    The **Company** will pay those sums that the **First Named Insured**, including all **Insureds**, becomes legally obligated to pay as damages because of **bodily injury** or **property damage** at any premises **you** use in providing **your professional services** as a healthcare professional to which this insurance applies.   The **Company** will have the right and duty to defend the **Insured** against any **suit** seeking those damages.   However, the **Company** will have no duty to defend the **Insured** against any **suit** seeking damages for **bodily injury** or **property damage** to which this insurance does not apply….

B.    This insurance applies to **bodily injury** and **property damage** only if:

      1.      the **bodily injury** or **property damage** is caused by an **event** that takes place in the **coverage territory**;

      2.      the **bodily injury** or **property damage** is caused by an **event** that occurs during **your policy period**….

C.    Damages because of **bodily injury** include damages claimed by any person or organization for care, loss of services, or death resulting at any time from the bodily injury.

\* \* \*

*VI.    WHO IS INSURED – ALL COMMERCIAL GENERAL LIABILITY COVERAGES*

Each of the following is an **Insured**:

    1.    **You**;

    2.    a company listed in Item 1(a) of **your Certificate**; or,

    3.    an **agent** of a **Named Insured**.

50.    The Policy contains the following Exclusions relating to the Commercial General Liability Coverage.

*II.    EXCLUSIONS – COVERAGE A: BODILY INJURY AND PROPERTY DAMAGE LIABILITY*

This insurance does not apply to:

A.    *Professional and Employment Liability.*
**Bodily injury** or **property damage** arising from, or in connection with, a **professional services event**….

B.    *Ownership of Non-insured Entities.*
Any **claim** arising from, or in connection with, an **Insured's** ownership, supervision or management of any organization, partnership, joint venture, or other business enterprise that is not a **Named Insured**.

C.    *Expected or Intended Injury*.
**Bodily injury** or **property damage** arising from, or in connection with, any act expected or intended by an **Insured** to cause **bodily injury** or **property damage**. This exclusion applies even if an **Insured's** act causes **bodily injury** or **property damage**:

      1.      of a different type or degree than expected or intended; or,

      2.      to a different person or entity than expected or intended….

D. *Contractual Liability*.
**Bodily injury** or **property damage** arising from, or in connection with, an **Insured's** obligation to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

1. that the **Insured** would have in the absence of the contract or agreement.…

\* \* \*

FF. *Diagnostic Testing*
**Bodily injury** or **property damage** arising from, or in connection with, the following:
1. medical or diagnostic testing, techniques or procedures used for the:
   a. detection, diagnosis or **treatment** of any sickness, disease, condition or injury; or
   b. evaluation of a patient's response to **treatment** or medication.
2. the reporting of or reliance upon the results of such medical or diagnostic testing, techniques or procedures described in subsection 1, above.

51. The Policy contains the following Definitions relating to the Commercial General Liability Coverage.

VIII. *DEFINITIONS – ALL COMMERCIAL GENERAL LIABILITY COVERAGES*

Whenever used in this Insuring Agreement:

C. **Agent** means a person who was acting within the scope of his or her duties as:
1. an **employee** … of a **Named Insured**, at the time of the **event** or offense; or,
2. a trustee, assign, or legal representative of the **Named Insured**; or
3. any person or entity listed on Item 1(b) on **your Certificate.**
An **agent** shares the coverage provided to the **Named Insured**, including its Limits of Liability.

\* \* \*

E.      **Bodily injury** means any damage to the human body, including sickness or disease and any mental injury, emotional distress, or death arising therefrom.  In addition, it includes damages claimed for the cost of any care, loss of services, or loss of consortium arising therefrom.

\* \* \*

G.      **Certificate** means the Certificate of Insurance page, including any Schedule of Insureds, if applicable, provided to an Insured which describes specific information about the Insured, including but not limited to its **policy period**, coverages selected, specialty(ies), classification(s), limits of liability, policy number, and premium amounts.

H.      **Claim** means an express written demand upon an **Insured** for money or services as compensation for civil damages.

\* \* \*

J.      **Company** means the insurance company stated in **your Certificate**.

\* \* \*

M.      **Employee** means any person employed by, or acting under the direction and control of, a **Named Insured** at the time of the **event** or offense.

\* \* \*

Q.      **Event** means accident.  All injuries arising from:
1.      the same or related acts, errors, or omissions; or
2.      the continuous or repeated exposure to substantially the same harmful conditions will be considered one **event**.

\* \* \*

T.      **First Named Insured** means the entity or person listed as the **First Named Insured** on **your Certificate**.

\* \* \*

X.      **Insured** means any person or entity entitled to coverage as specified under the *WHO IS INSURED – ALL COMMERCIAL GENERAL LIABILITY COVERAGES* section above.

* * *

FF.    **Named Insured** means the person or entity designated in Item 1(a) of **your Certificate**.

* * *

LL.    **Professional services** means **treatment** ….

MM.    **Property damage** means:

1.    physical injury to tangible property, including any resulting loss of use of that property.  All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or,

2.    loss of use of tangible property that is not physically injured.  All such loss of use shall be deemed to occur at the time of the **event** that caused it.

* * *

PP.    **Suit** means a civil proceeding in which damages because of **bodily injury**, **property damage**, or **personal and advertising injury**, to which this insurance applies, are alleged….

QQ.    **Treatment** means:

1.    the rendering of medical, surgical, dental, nursing services, **counseling** or **social services** to a patient…;

2.    the provision of medical examinations, opinions, or consultations regarding a person's medical condition within the **Insured's** practice as a licensed health care provider; and,

3.    the furnishing of any of the following, but only as it relates to the rendering of medical, surgical, dental, nursing services, **counseling** or **social services** to a patient:

   a.    food and beverages, or

   b.    medical, surgical, or dental supplies, appliances, or drugs.

RR.    **You** and **your** means the **Named Insured**, as listed in Item 1(a) of **your Certificate**.

## V.  MEDPRO'S REQUEST FOR DECLARATORY RELIEF

52.     MedPro files this declaratory judgment action pursuant to 28 U.S.C. §§ 2201-2202.

53.     28 U.S.C. § 2201(a) states that "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

54.     None of the claims asserted against Mr. Parcells in the underlying lawsuit fall within the insuring clause(s) of the Policy.

55.     Assuming otherwise, the plain language of the Policy operates to bar coverage for the claims asserted against Mr. Parcells in the underlying lawsuit.

56.     No exception applies that could bring any claim asserted against Mr. Parcells back within the scope of coverage.

57.     None of the damages sought from Mr. Parcells in the underlying lawsuit are covered by the Policy.

58.     Assuming otherwise, the plain language of the Policy operates to bar coverage for the damages sought from Mr. Parcells in the underlying lawsuit.

59.     No exception applies that could bring any element of damage sought from Mr. Parcells back within the scope of coverage.

60.     None of the claims asserted against National Autopsy in the underlying lawsuit fall within the insuring clause(s) of the Policy.

61.     Assuming otherwise, the plain language of the Policy operates to bar coverage for the claims asserted against National Autopsy in the underlying lawsuit.

62.     No exception applies that could bring any claim asserted against National Autopsy back within the scope of coverage.

63.     None of the damages sought from National Autopsy in the underlying lawsuit are covered by the Policy.

64.     Assuming otherwise, the plain language of the Policy operates to bar coverage for the damages sought from National Autopsy in the underlying lawsuit.

65.     No exception applies that could bring any element of damage sought from National Autopsy back within the scope of coverage.

66.     National Autopsy is not insured under the Policy.

67.     The underlying lawsuit does not allege or involve an "event" as defined in the Policy.

68.     The underlying lawsuit does not allege or involve an "event" based upon a "wrongful act" as defined in the Policy.

69.     The underlying lawsuit does not allege or involve "professional services" as defined in the Policy.

70.     The underlying lawsuit does not allege or involve "treatment" as defined in the Policy.

71.     The underlying lawsuit does not allege or involve "treatment" to a "patient" as defined in the Policy.

72.     Mr. Parcells did not comply with Master Policy General Condition B.

73.     Mr. Parcells did not comply with Master Policy General Condition D.

74.     Mr. Parcells did not comply with Master Policy General Condition O.

75.     Coverage is excluded under Master Policy exclusion A.

76.    Coverage is excluded under Master Policy exclusion B.

77.    Coverage is excluded under Master Policy exclusion G.

78.    Coverage is excluded under Master Policy exclusion M.

79.    Coverage is excluded under Master Policy exclusion N.

80.    Coverage is excluded under Master Policy exclusion O.

81.    Coverage is excluded under Master Policy exclusion Q.

82.    Coverage is excluded under Master Policy exclusion U.

83.    Coverage is excluded under Master Policy exclusion EE.

84.    The underlying lawsuit does not allege or involve a claim for "bodily injury" or "property damage" as defined in the Policy.

85.    The underlying lawsuit does not allege or involve damages occurring at any premises Mr. Parcells used in providing his "professional services" as required and defined in the Policy.

86.    Coverage is excluded under Commercial General Liability exclusion A.

87.    Coverage is excluded under Commercial General Liability exclusion B.

88.    Coverage is excluded under Commercial General Liability exclusion C.

89.    Coverage is excluded under Commercial General Liability exclusion D.

90.    Coverage is excluded under Commercial General Liability exclusion FF.

91.    MedPro does not owe Mr. Parcells a duty to defend the underlying lawsuit.

92.    The same reasons that negate the duty to defend likewise negate any possibility that MedPro will ever have a duty to indemnify Mr. Parcells.

93.     Accordingly, MedPro does not owe Mr. Parcells a duty to indemnify for any settlement or judgment relating to the underlying lawsuit.

94.     MedPro does not owe National Autopsy a duty to defend the underlying lawsuit.

95.     The same reasons that negate the duty to defend likewise negate any possibility that MedPro will ever have a duty to indemnify National Autopsy.

96.     Accordingly, MedPro does not owe National Autopsy a duty to indemnify for any settlement or judgment relating to the underlying lawsuit.

97.     MedPro respectfully requests that this Court enter a declaratory judgment regarding the rights and other legal relations of the parties to this lawsuit under the Policy. Specifically, MedPro respectfully requests that this Court enter a declaratory judgment that MedPro has (1) no duty to defend Mr. Parcells or National Autopsy (or anyone else) in the underlying lawsuit and (2) no duty to indemnify Mr. Parcells or National Autopsy (or anyone else) for any settlement or judgment relating to the underlying lawsuit.

WHEREFORE, PREMISES CONSIDERED, MedPro respectfully requests that Defendants be cited to appear and to answer, and that this Court enter a declaratory judgment as set out above.  MedPro also respectfully requests any other relief to which it may be entitled.

Respectfully submitted,

THE LITTLE LAW FIRM, P.C.


_____/s/ Joseph R. Little_____
Joseph R. Little
State Bar No. 00784483
440 Louisiana Street, Suite 900
Houston, Texas 77002
(713) 222-1368 - Telephone
(281) 200-0115 - Facsimile
jrl@littlelawtexas.com

Attorney in Charge for Plaintiff The Medical Protective Company